## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

THE STATE OF OKLAHOMA et al.,

               Plaintiffs,

   v.

JOSEPH R. BIDEN et al.,

               Defendants.

No. CIV-21-1069-G

## DEFENDANTS' MOTION TO STAY WITH BRIEF IN SUPPORT

The plaintiffs' most recent notice of new authority discusses *Georgia v. Biden*, No. 21-cv-00163 (S.D. Ga. Dec. 7, 2021), which involves a similar challenge to EO 14042 and its implementing guidance. *See* Pls.' Notice, ECF No. 26 (including the slip opinion as ECF No. 26-1). Concluding that the President likely exceeded his authority under FPASA when issuing Executive Order 14042, the *Georgia* court enjoined the federal government "from enforcing the vaccine mandate for federal contractors and subcontractors in all covered contracts in any state or territory of the United States of America." Slip Op. at 27.

So long as it remains in effect, this nationwide injunction eliminates the plaintiffs' allegedly irreparable injuries stemming from EO 14042 and its implementing guidance. Accordingly, in the interest of conserving judicial resources, defendants hereby move to stay further litigation, unless and until the *Georgia* injunction is stayed, vacated, or narrowed such that adjudicating the plaintiffs' motion for a preliminary injunction would have practical significance. Undersigned counsel conferred with counsel for the plaintiffs, who indicated that the plaintiffs oppose this motion.

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Heck v. Triche*, 775 F.3d 265, 276 (5th Cir. 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing district court's "broad discretion to stay proceedings"). This includes the power to enter a stay "pending resolution of independent proceedings which bear upon the case." *Cantu Servs., Inc. v. Brown*, No. CIV-15-1210-W, 2016 WL 11248521, at *4 n.7 (W.D. Okla. Feb. 10, 2016) (citation omitted). In determining whether to stay a case, the court must consider what is "efficient for its own docket" as well as "the fairest course for the parties." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

Here, conservation of the Court's and the parties' resources weighs in favor of a stay. The requested stay imposes no hardship on the plaintiffs; they are not at risk of being harmed by EO 14042 and its implementing guidance as long as the *Georgia* injunction remains in place. In similar situations, courts have readily stayed superfluous proceedings. *See, e.g.*, *Pars Equality Center v. Trump*, No. 17-cv-0255-TSC (D.D.C. March 2, 2018), Dkt. No. 143 (staying request for preliminary relief because another nationwide injunction "calls into question whether the harms Plaintiffs allege are actually imminent or certain—a prerequisite for a preliminary injunction"); *Washington v. Trump*, No. C17–0141, 2017 WL 4857088, at *6 (W.D. Wash. Oct. 27, 2017) (because another district court had "already provide[d] Plaintiff States with virtually all the relief they seek," plaintiffs will not incur "any significant harm" by the court's staying consideration of their TRO motion); *Int'l Refugee Assistance Project v. Trump*, No. 17-cv-0361, 2017 WL 1315538, at *2 (D. Md. Apr. 10, 2017) ("[I]n light of the current nationwide

injunction of Section 6 by the United States District Court of the District of Hawaii, a stay would not impose any hardship on Plaintiffs or result in irreparable harm."); *Hawaii v. Trump*, 233 F. Supp. 3d 850, 853 (D. Hawaii 2017) ("[T]he Western District of Washington's nationwide injunction already provides the State with the comprehensive relief it seeks in this lawsuit. As such, the State will not suffer irreparable damage . . . if the Court were to grant Defendants' motion to stay."). Indeed, another district court stayed a similar challenge to EO 14042 and its implementing guidance in light of the *Georgia* injunction over plaintiff's objection (there, the state of Texas). *See* Minute Order of Dec. 10, 2021, *Texas v. Biden*, No. 3:21-cv-309-JVB (S.D. Tex.) ("Case is stayed.").

To be sure, the federal government strongly disagrees with the *Georgia* decision, has filed an appeal, and is seeking to stay—or, in the alternative, to narrow—the *Georgia* injunction during the pendency of that appeal. *See* Motion for Stay, *Georgia v. President of the United States*, No. 21-14269 (11th Cir. Dec. 10. 2021); *see also Georgia*, No. 21-cv-00163 (S.D. Ga.), Dkt. Nos. 96, 97. If the federal government succeeds in modifying the injunction, such that this Court's adjudication of these plaintiffs' challenge to EO 14042 and its implementing guidance would have practical significance, this Court could lift its stay and be in a position to rule promptly. Unless and until that happens, however, the plaintiffs cannot show that they are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Colorado v. EPA*, 989 F.3d 874, 884 (10th Cir. 2021) ("[A] speculative or theoretical injury will not suffice. The injury must . . . be of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." (cleaned up)). Accordingly, there is no basis for this Court to grant the plaintiffs' pending motion for

preliminary injunction,[1] and there is no need for further litigation regarding EO 14042 and its implementing guidance at this time.

A proposed order is attached for the Court's convenience.

Dated:  December 13, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRAD P. ROSENBERG
Assistant Branch Director

*/s/ Madeline McMahon*
MADELINE M. MCMAHON
KRISTIN A. TAYLOR
JODY D. LOWENSTEIN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, DC 20005
(202) 451-7722
madeline.m.mcmahon@usdoj.gov

---

[1] To the extent that an Article III case or controversy exists here, the *Georgia* decision did not render it moot. *See, e.g., California v. U.S. Dep't of Health & Hum. Servs.*, 941 F.3d 410, 420-23 (9th Cir. 2019), *vacated on other grounds by Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367 (2020). Accordingly, the *Georgia* decision would not prevent the Court from *denying* the plaintiffs' pending motion for preliminary injunction on any of the various grounds discussed in defendants' opposition briefing, ECF No. 25. At present, however, it is simply unnecessary to adjudicate the plaintiffs' motion one way or the other.

## CERTIFICATE OF SERVICE

On December 13, 2021, I electronically submitted this document to the clerk of court of the U.S. District Court for the Western District of Oklahoma using the court's electronic case filing system. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Madeline M. McMahon*
MADELINE M. MCMAHON
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
(202) 451-7722
madeline.m.mcmahon@usdoj.gov