IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, *et al.*,<br><br>       *Plaintiffs*,<br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>       *Defendants*. | Case No: CIV-21-1069-G |

## PLAINTIFFS' NOTICE OF NEW AUTHORITY

  Plaintiffs The State of Oklahoma; J. Kevin Stitt, Governor of Oklahoma; and John M. O'Connor, Attorney General of Oklahoma, hereby notify the Court of the recent decision of the U.S. Court of Appeals for the Sixth Circuit in *Kentucky v. Biden*, No. 21-6147, 2022 WL 43178 (6th Cir. Jan. 5, 2022) (attached as Exhibit 1). The Sixth Circuit declined to stay the preliminary injunction that the district court had entered in that case. *See Kentucky v. Biden*, No. 3:21-cv-00055-GFVT, 2021 WL 5587446 (E.D. Ky. Nov. 30, 2021) (attached as Exhibit 2).

  In *Kentucky*, Plaintiffs sued President Biden and other federal defendants for issuing and seeking to enforce the contractor mandate. The Eastern District of Kentucky granted plaintiffs' motion for a preliminary injunction. It enjoined the federal defendants from enforcing the contractor mandate in Kentucky, Ohio, and Tennessee. *Id*. at *14. In so doing, the district court relied on the Federal Property and Administrative Services Act

("Procurement Act");[1] the non-delegation principle undergirding our separation of powers; and the Tenth Amendment implications for the police power of the States to regulate public health.  These are also some of the grounds invoked by Plaintiffs in the instant case in the Complaint and Motion for Temporary Restraining Order and Preliminary Injunction currently pending before this Court.

When the federal government sought a stay of the district court's injunction from the Sixth Circuit, the Court of Appeals denied the federal government's request.  2022 WL 43178.  Like the district court, the Sixth Circuit determined that "the federal government is unlikely to prevail on its argument that the Property Act authorizes imposition of the contractor mandate."  *Id*. at *16.  The Court of Appeals also concluded that "the [federal] government has not made a strong showing" with respect to irreparable injury, public interest, and the balance of the equities either.  *See id.* at *17–18.  Having failed on each of the four stay factors, the federal government was unable to obtain a stay of the district court's opinion enjoining enforcement of the contractor mandate.

Consequently, this Court should consider this new authority from the Sixth Circuit in its adjudication of Plaintiff's pending motion.

---

[1] On the Procurement Act claim, the district court stated: "If a vaccination mandate has a close enough nexus to economy and efficiency in federal procurement, then the statute could be used to enact virtually any measure at the president's whim under the guise of economy and efficiency." 2021 WL 5587446, at *7.

2

Respectfully submitted,

Mithun Mansinghani
*Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF OKLAHOMA
313 NE 21st Street
Oklahoma City, OK 73105
(405) 521-3921
Mithun.mansinghani@oag.ok.gov

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
H. Christopher Bartolomucci*
Riddhi Dasgupta*
Brian J. Field*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
cbartolomucci@schaerr-jaffe.com
sdasgupta@schaerr-jaffe.com
bfield@schaerr-jaffe.com
* Admitted *pro hac vice*

*Counsel for Plaintiffs The State of Oklahoma; J. Kevin Stitt, Governor of Oklahoma; and John M. O'Connor, Attorney General of Oklahoma*

Dated: January 12, 2021