# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STATE OF OKLAHOMA et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**JOSEPH R. BIDEN, JR., in his** )<br>**official capacity as President of the** )<br>**United States, et al.,** )<br>)<br>**Defendants.** ) | **Case No. CIV-21-1069-G** |

## ORDER

Pursuant to the Court's October 5, 2022 Order, Defendants filed a Status Report (Doc. No. 50) on October 18, 2022 informing that Court that the Safer Federal Workforce Task Force (the "Task Force") issued Interim Agency Guidance on October 14, 2022 limiting enforcement of Executive Order 14042.[1] Specifically, the October 14, 2022 Interim Agency Guidance directs agencies to take no action to require covered contractors and subcontractors to come into compliance with any previously issued Task Force guidance or enforce contract clauses implementing Executive Order 14042 until (1) the Task Force provides updated guidance regarding COVID-19 safety protocols following a development and review process, which will provide a timeline for implementation; (2) the Director of the Office of Management & Budget ("OMB") makes a determination that the updated Task Force guidance promotes economy and efficiency in Federal contracting, which will be published in the Federal Register; and (3) OMB provides additional guidance

---

[1] Safer Federal Workforce, https://www.saferfederalworkforce.gov/contractors/ (last visited December 7, 2022).

to agencies on the timing and considerations for provision of written notice from agencies to contractors regarding enforcement of contract clauses implementing Executive Order 14042, to the extent not barred by applicable injunctions.

On October 19, 2022, OMB issued guidance concerning the implementation of Executive Order 14042: (1) prohibiting agencies from taking any steps to require covered contractors and subcontractors to come into compliance with previously issued Task Force guidance, (2) prohibiting the enforcement of existing contract provisions which implement Executive Order 14042, (3) prohibiting the addition of contract provisions which implement Executive Order 14042 into existing contracts, and (4) prohibiting the creation of new contracts that include such provisions. *See* Off. Of Mgmt. & Budget, Oct. 19, 2022 Guidance, at 1-2.[2]

Based on this recent guidance from the Task Force and OMB, the Court concludes that Plaintiffs' Motion for Preliminary Injunction (Doc. No. 9) is not ripe for determination at this time. The Court finds that there is not a present risk of imminent injury to Plaintiffs, and the Court will reserve ruling on Plaintiffs' Motion until the new guidance is issued and the parameters by which Executive Order 14042 will be implemented and enforced are established. Given the evolution of the COVID-19 pandemic in the United States, moreover, it is unclear whether the Government, after completing its review process, will continue to pursue the mandate in Executive Order 14042.

---

[2] *Available at* Safer Federal Workforce, https://www.saferfederalworkforce.gov/contractors/ (last visited December 7, 2022).

Accordingly, proceedings in this case and Plaintiffs' Motion for Preliminary Injunction (Doc. No. 9) are hereby STAYED until further Order of the Court.[3] Defendants are ORDERED to notify the Court regarding any new guidance relating to Executive Order 14042 or any other material developments relating to the implementation or enforcement of Executive Order 14042.

IT IS SO ORDERED this 20th day of December, 2022.

CHARLES B. GOODWIN
United States District Judge

---

[3] Defendants prior motion to stay (Doc. No. 27) is DENIED AS MOOT.